OPINION
Defendant-appellant, Cody S. Moore, appeals a decision of the Fayette County Court of Common Pleas sentencing him to a maximum prison term of five years after appellant pled guilty to attempted felonious assault.
On February 22, 2000, appellant was indicted on one count of felonious assault pursuant to R.C. 2903.11(A)(1) and one count of complicity in felonious assault in violation of R.C. 2923.03(A)(2). The charges stem from an incident in which appellant and another person attacked two boys who were waiting for a ride home. As part of a plea agreement, appellant pled guilty on October 12, 2000 to one count of attempted felonious assault in violation of R.C. 2923.02. Attempted felonious assault is a felony of the third degree.
The trial court held a sentencing hearing on December 18, 2000. The court noted the nature of the offense and the fact that appellant inflicted serious physical harm to an individual who was unknown to him, hitting and kicking the boy while he was on the ground. The trial court also indicated that appellant had a lengthy prior record and had not responded well to probation. The trial court stated that based on this evidence, appellant had committed the "most serious form of the offense". In the Judgment Entry of Conviction, the trial court specifically found that appellant had committed "the worst form of the offense." The trial court then sentenced appellant to five years in prison, the maximum term for a third degree felony.
Appellant now appeals the trial court's decision to impose the maximum sentence and raises the following single assignment of error:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM TERM OF IMPRISONMENT FOR A FELONY OF THE THIRD DEGREE.
Specifically, appellant challenges the trial court's decision to sentence him to more than the minimum sentence and to sentence him to the maximum sentence. An appellate court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed upon the offender should be consistent with the overriding purposes of sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
The Ohio Revised Code states that if an offender has not served a previous prison term, the trial court must impose the minimum sentence unless it finds on the record that a minimum sentence would "demean the seriousness of the offender's conduct" or "not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). An offender convicted of a third degree felony may be sentenced to a prison term of one, two, three, four or five years. R.C. 2929.14(A)(3). As stated above, the trial court sentenced appellant to a prison term of five years.
A trial court may impose the maximum term upon an offender only if the trial court finds on the record that the offender "committed the worst forms of the offense," or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). The trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C. 2929.19(B)-(2)(d) and (e); State v. Beard (Sept. 5, 2000), Clermont App. No. CA2000-02-012, unreported.
In considering whether an offender committed the worst form of the offense, the trial court is guided by the factors listed in R.C.2929.12(B). The court may also consider any other relevant factors.Id.
Appellant contends that since he has not served a previous prison term, the trial court erred because it did not make the required findings pursuant to R.C. 2929.14(B) to sentence him to more than the minimum sentence. Appellant also argues that the trial court did not make the findings pursuant to R.C. 2929.14(C) required to sentence him to the maximum sentence of five years for a third degree felony.
We begin by addressing appellant's argument that the trial court did not make the required findings to sentence him to the maximum sentence. As mentioned above, R.C. 2929.14(C) requires the trial court to find that the offender either committed the worst form of the offense, or that the offender poses the greatest likelihood of committing future crimes. The trial court must state the reasons for its finding on the record. The trial court discussed several factors it took into consideration and found that appellant committed the "most serious form of the offense." In its judgment entry, the trial court indicated that for the reasons stated on the record, appellant had committed "the worst form of the offense." The reasons mentioned by the trial court at the sentencing hearing support the trial court's finding. Thus, we find that the trial court properly followed the requirements of R.C. 2929.14(C) in sentencing appellant to a maximum term of five years.
We next address appellant's argument that the trial court erred by not making the required findings pursuant to R.C.2929.14-(B). Appellant contends that since he had not previously served a term of imprisonment, the trial court was required to find that the minimum sentence would either "demean the seriousness of the offender's conduct" or "not adequately protect the public from future crime by the offender or others."
We agree that a court must make such a finding when sentencing a defendant who has not previously served a term of imprisonment to more than the minimum sentence. However, the express language of the statute does not require such a finding when the court makes the requisite findings under R.C. 2929.14(C) to sentence the offender to the maximum sentence. The plain language of R.C. 2929.14(B) states that "[e]xcept as provided in division (C) * * * of this section" the court must make the required findings regarding a sentence of more than the minimum. Thus, the express language of the minimum sentence statute makes it inapplicable to cases in which the court has already made the requisite findings that the offender should serve the maximum sentence. See R.C.2929.14(B).
We note that several other appellate courts have also held that, based on the language of the statutes, a trial court is not required to make findings under R.C. 2929.14(B) if it has already made the requisite findings under R.C. 2929.14(C). State v. Berry (June 14, 2001), Cuyahoga App. No. 78187, unreported; State v. Jackson (Aug. 20, 1999), Hamilton App. No. C-980512, unreported; State v. Phipps (Feb. 25, 1999), Allen App. No. 1-98-69, unreported. We agree with the reasoning expressed within those opinions.
We disagree with the position that the Ohio Supreme Court's decision inState v. Edmonson (1999), 86 Ohio St.3d 324, requires a different result. Although the Edmonson court performed an analysis of whether the required findings were made under both the minimum and maximum sentence statutes, the issues and facts before the court in that case are distinguishable. First, the precise issue before the court in Edmonson
was whether the trial court was required to state its reasons for imposing more than the minimum sentence, and the syllabus reflects the court's holding on this issue only. Second, the Edmonson court found that the trial court failed to make the required findings under R.C.2929.14(C), regarding imposition of the maximum sentence. Thus, unlike the case at bar, it was impossible for the Ohio Supreme Court to conclude that because the maximum sentence was properly imposed, minimum sentence findings were not required.
Thus, we find that the trial court properly made the requisite findings to sentence appellant to the maximum term of imprisonment, that those findings are supported by the record, and that the trial court was not required to justify its imposition of more than the minimum sentence under R.C. 2929.14(B). Appellant's assignment of error is overruled.
Judgment affirmed.
 ______________________ YOUNG, P.J.
WALSH and POWELL, JJ., concur.